UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
KAREN WILLIAMS,                                    :
                                                   :
                              Plaintiff,           :
                                                   :                    **ORDER**
                   -against-                       :
                                                   :            20 Civ. 3741 (VMS)
                                                   :
CVS ALBANY, LLC, and CVS PHARMACY,    :
INC.,                                              :
                                                   :
                              Defendants.          :
                                                   :
-------------------------------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Karen Williams brings this suit alleging personal injuries arising out of a slip-

and-fall accident which took place at a CVS store in Staten Island.  See ECF No. 1-1.

Defendants CVS Albany, LLC and CVS Pharmacy, Inc. (hereinafter collectively "Defendants")

move for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Because genuine

issues of material fact remain in dispute, the motion is denied.

**I.   FACTUAL BACKGROUND**

The following facts are taken from the record as cited.[1]

CVS Albany, LLC operates the CVS pharmacy located at 5830 Amboy Road, Staten

Island, New York.  See Def. Ex. A.  The "Factual Statement" section of Defendants' opening

brief states "CVS Pharmacy, Inc. is an improper defendant having neither ownership nor

leasehold interest in the premises and not being involved in the operation of the pharmacy retail

establishment.  See, Exhibit 'A'."  ECF No. 24-9 at 2.  Attached as Exhibit A to Defendants'

---

[1] The Court cites to Defendants' exhibits as "Def. Ex. [letter]."  See Def. Exs. A-F, annexed at
ECF Nos. 24-3 through 24-8.  The Court cites to Plaintiff's exhibits as "Pl. Ex. [letter]."  See Pl.
Exs. A-E, annexed at ECF Nos. 24-12 through 24-16.

motion for summary judgment is an affidavit from Melanie St. Angelo, a Senior Manager for

Corporate Services at CVS Pharmacy, Inc.  See Def. Ex. A.  Her affidavit provides details

regarding the corporate structure of CVS Pharmacy, Inc. in support of "the Motion to Dismiss

this action against CVS Pharmacy, Inc."  See id. at ¶ 9.  The Court has reviewed the motion

papers.  Defendants have not made a motion to dismiss CVS Pharmacy, Inc. as an improper

defendant.  The Court, therefore, does not address this question in its analysis of Defendants'

motion for summary judgment.

### a.  Plaintiff's Deposition Testimony

According to Plaintiff, on June 5, 2020, sometime between 3:00 PM and 4:00 PM, she

went to the CVS pharmacy located on Amboy Road and Seguine Avenue in Staten Island to

purchase water goggles for her son.  See Pl. Ex. A at 18:19-19:2, 20:2-5, 20:20-24, 21:4-6.  After

entering the store, Plaintiff walked directly to the seasonal aisle.  See id. at 21:7-25.  The

seasonal aisle contained a box of pool noodles measuring approximately 20 by 20 inches that

was on top of a pallet measuring approximately 25 by 25 inches.  See id. at 24:23-26:8.  The

pool-noodle display was in the middle of the seasonal aisle and was on Plaintiff's right side as

she walked down the aisle from the back to the front of the store.  See id. at 22:5-15, 23:22-24:3;

see also Pl. Ex. C at 14:19-15:22.  The pool noodles were noticeable because they were vertical

within the box and were coming out of the top of the box.  See Pl. Ex. A at 22:22-23:5.  The

pallet protruded 4-5 inches beyond the edge of the pool-noodle box and created a tripping

hazard.  See id. at 22:5-15, 25:22-26:8.  While Plaintiff was walking down the aisle past the

pool-noodle display, she caught her foot under the pallet, tripped and fell forward.  See id. at

23:6-16, 27:5-22, 30:21-31:3; see also id. at 45:24-46:12.  Plaintiff did not see the pallet until she

tripped over it.  See id. at 26:9-14, 27:11-15; see also id. at 45:24-46:12.  Plaintiff testified that

she had no recollection of telling Nicole Urrico, a CVS employee, about the pallet that was

involved in her accident.  See id. at 38:3-10.  Plaintiff also testified that she was not dancing in

the minute before her accident.  See id. at 69:12-70:3.

### b.  John DeFazio's Deposition Testimony

On June 5, 2020, John DeFazio was the Shift Supervisor of and was present at the CVS

pharmacy located at 5830 Amboy Road.  See Def. Ex. C at 11:1-11, 12:20-22, 17:12-14.  Mr.

DeFazio testified at his deposition about the events on June 5, 2020.  On the date of the accident,

there were no security cameras at the store positioned to record the seasonal aisle.  See id. at

18:8-22.  Mr. DeFazio took photographs of the incident scene with the store's iPad on the date

that the accident occurred.  See id. at 38:12-16.  The photographs were captured approximately

20 minutes after Plaintiff had left the store.  See id. at 39:12-17.  Mr. DeFazio testified that he

was unaware whether anyone had moved anything in the seasonal aisle before he took the

photographs, other than a chair that Plaintiff sat in after the accident.  See id. at 39:18-40:3.  Mr.

DeFazio took photographs of what he believed to be the display that Plaintiff tripped on—a box

containing folding chairs (the white box next to the tall blue box in Def. Ex. F).  See id. at 41:23-

42:5, 42:14-19, 45:12-19.  The photographs are fair and accurate depictions of the seasonal aisle

post-accident.  See id. at 42:25-43:8, 44:9-12, 44:21-24, 46:2-5.  The box Mr. DeFazio

photographed does not appear to be on top of a pallet.  See Def. Ex. F.  The photographs that Mr.

DeFazio took do not capture a pool-noodle box or display.  See id.; Def. Ex. C at 50:2-6.

### c.  Nicole Urrico's Deposition Testimony

Nicole Urrico testified at her deposition that she was employed as a Pharmaceutical

Technician at the subject CVS on June 5, 2020.  See Def. Ex. D at 7:3-10, 14:10-24.  On the

date of the accident, CVS sold pool noodles.  See id. at 15:10-12.  She remembered them being

in a cardboard box display at the front of the store near the cash registers.  See id. at 15:13-16:3.

After she learned that someone had fallen in the seasonal aisle, she went to that aisle, observed

Plaintiff on the ground and asked Plaintiff what had happened.  See id. at 16:12-21, 18:2-8,

19:16-19.  Plaintiff said that she had been dancing to the store's music while reaching for a

product, and that she came down wrong on her foot, spun, then fell.  See id. at 20:2-12.  Ms.

Urrico also testified that the photographs marked "Exhibit 2" were a fair and accurate depiction

of how the aisle looked where Ms. Urrico saw Plaintiff laying on the ground.  See id. at 29:2-5;

Def. Ex. F.

### d.  Photographs

CVS submits photographs that it purports depict the incident scene.  See Def. Ex. F.  The

photographs are marked as Exhibit 2 of Mr. DeFazio's deposition and are time stamped "Friday

4:49 PM."  See id.  The photographs depict multiple views of an aisle at CVS containing

goggles, pool floats, foldable chairs, sunscreen and candy.  See id.  There does not appear to be a

pool-noodle box or display in the seasonal aisle.  See id.  When Plaintiff was shown these

photographs at her deposition, she denied that they depicted the aisle as it appeared on the date

the accident occurred.  See Pl. Ex. A at 36:3-38:2.

## II.   SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court must "resolve all ambiguities and draw all

permissible factual inferences in favor of the party against whom summary judgment is sought."

Sloley v. VanBramer, 945 F.3d 30, 36 (2d Cir. 2019) (citing Burg v. Gosselin, 591 F.3d 95, 97

(2d Cir. 2010)) (alterations omitted).  Summary judgment is appropriate only if the pleadings, the

discovery materials on file, and any affidavits show "that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

4

The movant bears the burden of satisfying the summary judgment standard.  See Huminski v.

Corsones, 396 F.3d 53, 69 (2d Cir. 2005).

## III.    DISCUSSION

Under New York law, the elements of negligence are "(1) a duty owed by the defendant

to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." Lerner v.

Fleet Bank, N.A., 459 F.3d 273, 286 (2d Cir. 2006) (quotation marks & citations omitted).  A

landowner has a common law duty "to make the public areas of his property reasonably safe for

those who might enter."  Nallan v. Helmsley-Spear, Inc., 407 N.E.2d 451, 458 (N.Y. 1980)

(citations omitted).  To demonstrate breach in a slip-and-fall case, a plaintiff must establish that a

dangerous condition existed, and that the defendant either (1) had knowledge, constructive or

actual, that the dangerous condition existed, or (2) created the condition by its own affirmative

act.  See Riley v. Battery Place Car Park, 210 F. App'x 76, 77 (2d Cir. 2006); Mercer v. City of

New York, 637 N.Y.S.2d 456, 458 (2d Dep't 1996).  "The issue of whether a dangerous

condition exists depends on the peculiar facts and circumstances of each case and is generally a

question of fact for the jury."  Alexander v. Marriott Int'l, Inc., No. 01 Civ. 1124 (LMM), 2002

WL 1492125, at *4 (S.D.N.Y. July 11, 2002) (quoting Nin v. Bernard, 683 N.Y.S.2d 237, 238

(1st Dep't 1999) (internal quotation marks omitted).  Constructive notice requires evidence that a

dangerous condition was "visible and apparent" and existed for a long enough period of time for

a defendant to find and either correct or warn about its existence.  See Riley, 210 F. App'x at 77

(quotations marks & citation omitted); Nallan, 407 N.E.2d at 458.  A landowner's responsibility

has limits, and a landowner "has no duty to warn of an open and obvious danger." Tagle v.

Jakob, 763 N.E.2d 107, 109-10 (N.Y. 2001).  "[T]he issue of whether a hazard is latent or open

and obvious is generally fact-specific and thus usually a jury question."  Id. at 110 (citations

5

omitted).

Here, the parties do not dispute that CVS owed Plaintiff a duty of care or that Plaintiff

was injured by her fall at CVS.  The question presented is whether there are genuine issues of

fact in dispute as to whether CVS breached its duty by maintaining a dangerous condition about

which it had actual or constructive notice, such that CVS had sufficient opportunity to correct or

to warn about its existence, but failed to do either.  See Riley, 210 F. App'x at 77 (quotations

marks & citation omitted); Nallan, 407 N.E.2d at 458.  CVS argues that a dangerous condition

did not exist because there was no pool-noodle display where Plaintiff fell, but if there had been,

the display would have been open and obvious such that it was not inherently dangerous as a

matter of law.  These arguments are unavailing.

### a.  Existence Of A Dangerous Condition

Defendants' photographs and records contradicting Plaintiff's testimony and Plaintiff's

alleged prior inconsistent statement impeaching Plaintiff's credibility do not conclusively

establish that Plaintiff was incorrect as to the layout of the seasonal aisle, the location of the

pool-noodle box and the pallet that allegedly caused her fall.  According to Defendants, their

evidence contradicts Plaintiff's evidence that the pool-noodle display on the pallet created a

dangerous condition.  Defendants submit photographs taken and records created by CVS

employees that do not depict or describe a pool-noodle display in the aisle where Plaintiff fell.

See ECF No. 24-9 at 3-4; Def. Ex. F.  Defendants also cite to a CVS employee's testimony

suggesting the absence of a pool-noodle display and stating that Plaintiff told the employee that

she had fallen after losing her balance while dancing and reaching for a product.  See ECF No.

24-9 at 3-4, 9.

Plaintiff offers contradictory testimony.  Plaintiff testified in her deposition that a box of

pool noodles measuring approximately 20 by 20 inches resting on top of a pallet measuring approximately 25 by 25 inches was located in the middle of the seasonal aisle, and that when Plaintiff walked down the aisle, her foot got stuck under the display's pallet, causing her to fall down.  See Pl. Ex. A at 22:5-15, 23:6-16, 25:22-26:8, 27:5-22, 30:21-31:3.  Plaintiff also testified she was not dancing at the time of the incident.  See id. at 69:12-70:3.

Plaintiff's testimony presents an alternate version of the physical circumstances in the seasonal aisle that a factfinder might believe.  The contradicting evidence creates a genuine issue of material fact for a jury to weigh in evaluating the witnesses' testimony to determine liability. In similar cases, courts have declined to resolve similar disputes about alleged tripping hazards. For example, in Puello v. Jetro Cash & Carry Enters., LLC, No. 18 Civ. 1645 (LGS), 2020 WL 564573 (S.D.N.Y. Feb. 5, 2020), the plaintiff tripped over a box on the floor of an aisle in the defendant's store.  See id. at *1.  "[The p]laintiff testified that . . . boxes were stacked on a pallet on the walkway [and that] the box over which [the p]laintiff tripped was on the walkway floor [and that] ten or fifteen other boxes were also on the walkway floor."  Id. at *4.  In contrast, a store employee testified that he had never seen any boxes protruding into the aisle or on the floor where the plaintiff fell, either on the day of the accident or otherwise.  See id. at *2, *4.  Given the conflicting testimony, the court found summary judgment to be inappropriate because "there is a dispute of fact as to the conditions in the store when the incident occurred.  A reasonable jury could credit [the p]laintiff's version of the facts and could find that the boxes and the pallet in the walkway created an unsafe condition."  See id. at *4 (citations omitted).  In the same way, here, Defendants are not entitled to judgment as a matter of law that there was no dangerous condition (i.e., a protruding pallet underneath a pool-noodle display) at the store on June 5, 2020, because issues of fact remain due to conflicting testimony and evidence regarding the condition of the

store on the day of Plaintiff's accident.

### b. Open And Obvious Danger

A genuine issue of disputed material fact exists as to whether Defendants violated their

duties to warn of dangerous conditions and to maintain their property in a safe condition.

Defendants deny there was a display in the aisle, but they do not argue that, if it were there, that

they did not have actual or constructive knowledge of the pool-noodle display's pallet position.

Rather, they argue that the alleged pool-noodle display was open and obvious such that it was

not inherently dangerous as a matter of law.  This argument fails for two reasons.

First, a genuine issue of disputed material fact exists as to whether the pool-noodle

display's protruding pallet, if it existed, was open and obvious.  Defendants argue that Plaintiff's

own testimony establishes that the pool-noodle box was 20 by 20 inches or 18 by 18 inches, and

that Plaintiff was "immediately drawn" to it.  See ECF No. 24-9 at 10.  Defendants argue that

Plaintiff thus concedes that she was aware of the conditions of the display.  Defendants'

argument fails.  Plaintiff's testimony only focuses on how noticeable the box itself and the pool

noodles sticking out of it were to Plaintiff; it does not address the allegedly protruding pallet

underneath the box.  In fact, Plaintiff testified that she did not see or notice the pallet until she

tripped over it.  See Pl. Ex. A at 26:9-14, 27:11-15; see also id. at 45:24-46:12.  This record does

not compel a finding that the pallet was necessarily open and obvious to a reasonable person.

In a case involving a protruding pallet, Michalski v. Home Depot, Inc., 225 F.3d 113 (2d

Cir. 2000), the plaintiff tripped over a pallet resting on the forks of a forklift on the floor of an

aisle in the defendant's store.  Id. at 115.  The District Court concluded that the forklift was an

open and obvious condition because of its size.  Id. at 122.  The Second Circuit, however,

remanded the case for further proceedings in part because a question of material fact remained

unresolved as to whether the pallet itself was open and obvious, noting that the District Court's

analysis seemed to only focus on the forklift, which was not the item the plaintiff tripped on.  Id.

at 121-22.  The Second Circuit reasoned that the pallet's condition may have been hazardous in

part because it was not visible to the plaintiff, as it was located on one side of the forklift.  Id.

The Second Circuit also noted that the facts that the pallet was low to the ground and extended

into the aisle, and that the store's design was meant to draw a shopper's gaze upwards towards

merchandise could also support a reasonable finding that the pallet created a hazardous

condition.  Id. at 122.

Thus, here, the question is not, as Defendants argue, whether the box of pool noodles was

open and obvious, but whether the pallet underneath it was.  As the pallet was allegedly located

on the ground, Plaintiff was drawn to focus on the pool-noodle display above the pallet.  See Pl.

Ex. A at 22:5-15.  As Plaintiff testified that she did not notice or see the pallet until she tripped

on it, a question of material fact exists as to whether the pallet's protrusion was open and

obvious.  See Mikucka v. CVS Pharmacy, Inc., No. 21 Civ. 951 (BMC), 2022 WL 1406599, at

*4 (E.D.N.Y. May 4, 2022) (finding a question of material fact with respect to whether a bulk

stack holder's protrusion was an open and obvious condition because, among other things, the

plaintiff disputed that she knew of its presence despite having time to observe the condition had

it been obvious); Pizzolo v. Thyssenkrupp Elevator Corp., 133 N.Y.S.3d 822, 822-23 (1st Dep't

2020) (noting that the defendant had established prima facie that the wooden pallet stacked with

boxes that the plaintiff tripped over was open and obvious, but that the plaintiff's opposition

evidence showed triable issues of fact as to whether he could have seen it); Russo v. Home

Goods, Inc., 990 N.Y.S.2d 95, 95 (2d Dep't 2014) (holding that the defendants' motion for

summary judgment should have been denied: "In addition, the pallet jack was low to the ground

9

and empty, had no distinguishing features, and, since the plaintiff was looking up at lamps on the shelves, she did not see it prior to the alleged accident."); Teleschevsky v. Red Apple Fruit & Grocery Corp., 894 N.Y.S.2d 898, 898-99 (2d Dep't 2010) (affirming denial of summary judgment where the plaintiff alleged that she tripped and fell over a wooden pallet which protruded several inches outward from beneath a display of watermelons in the defendant's store); but see Sarab v. BJ's Wholesale Club, 103 N.Y.S.3d 307, 308 (2d Dep't 2019) (finding that the defendant established that the corner of a wooden pallet protruding from beneath a display of cantaloupes in the defendant's store was open, obvious and readily observable by the reasonable use of one's senses, and that the plaintiff failed to raise a triable issue of fact).

Second, even if the protruding pallet were open and obvious such that Defendants did not have a duty to warn, "[d]efendant[s] may still be liable for violating [their] duty 'to maintain the store in a reasonably safe condition.'"  Puello, 2020 WL 564573, at *4 (quoting Johnson-Glover v. Fu Jun Hao Inc., 28 N.Y.S.3d 304, 305 (1st Dep't 2016)) (further citation omitted); see Dietzen v. Aldi Inc. (New York), 870 N.Y.S.2d 189, 190 (4th Dep't 2008) ("Although [the] defendant contends that the location of the wooden pallet was open and obvious, we nevertheless conclude that [the] defendant was not relieved of its obligation to keep the property in a safe condition." (citations omitted)).  The same disputes of material fact regarding the condition of the store at the time of Plaintiff's incident preclude summary judgment on the issue of whether Defendants had a duty to warn, even if the allegedly protruding pallet were open and obvious. Defendants, therefore, are not entitled to judgment as a matter of law on the question of whether the pool-noodle display's pallet was open and obvious such that it was not inherently dangerous

as a matter of law.[2]

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is denied.  On or

before September 23, 2022, the parties are to file a joint status report letter confirming whether

they wish to update the joint Proposed Pretrial Order at ECF No. 27, and if so, a timeline for

filing a revised joint Proposed Pretrial Order.  They are also to provide counsels' and witnesses'

joint availability for trial through June 2023.

Dated:  Brooklyn, New York
        September 8, 2022


*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge

---

[2] Although neither party specifically argues such, there also appear to be disputes of material fact with respect to Plaintiff's possible negligence.  If the hazard were open and obvious as Defendants contend, Plaintiff may have acted negligently in failing to notice it.  See Russo, 990 N.Y.S.2d at 95 ("Proof that a dangerous condition is open and obvious . . . is relevant to the issue of the plaintiff's comparative negligence[.]"); Moloney v. Wal-Mart Stores, Inc., 767 N.Y.S.2d 897, 897 (2d Dep't 2003) ("Even if a jury was to find that the wooden pallet was an open and obvious condition, such finding would be relevant to the issue of the plaintiff's comparative negligence and would not absolve the defendant of liability.").  Defendants also claim that Plaintiff was dancing in the store when she fell, which Plaintiff denies; this could be another question of fact as to whether Plaintiff's own negligence contributed to her fall.  See Pl. Ex. A at 69:12-70:3; Def. Ex. D at 20:2-12; Pizzolo, 133 N.Y.S.3d at 823 ("To the extent the evidence suggests that . . . [the] plaintiff unnecessarily took a partially obstructed route, the record presents an issue of fact as to comparative negligence for resolution by the factfinder.").