UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
KAREN WILLIAMS,                                                  :
                                                                 :
         Plaintiff,                                         :
                                                                 :
  -against-                                                     :
                                                                 :        **MEMORANDUM**
CVS PHARMACY, LLC and CVS                                        :        **AND ORDER**
PHARMACY, INC.,                                                  :
                                                                 :        20 Civ. 3741 (VMS)
         Defendants.                                         :
-------------------------------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

      In advance of trial, Defendants CVS Pharmacy, LLC and CVS Pharmacy, Inc. moved in limine to (1) allow evidence of Plaintiff Karen Williams's out-of-court statements regarding dancing in the CVS aisle prior to the incident; (2) preclude testimony of witness Nicole Ruggieri regarding her observations of the pool noodle display; (3) preclude Dr. Daniel Wilen from testifying as to evidence not reviewed in preparation of his narrative report or deposition; and (4) preclude Plaintiff from providing testimony as to her treating physicians' statements. See ECF Nos. 34-37. Plaintiff opposed the motions in limine regarding the testimony of Ms. Ruggieri and Dr. Wilen only. See ECF Nos. 38-39. The Court has a pretrial conference scheduled for today during which the latter two motions will be discussed. This Order addresses the first two motions.

    **I. Defendants' Motion To Allow Evidence Regarding Plaintiff's Out-Of-Court Statements**

      Defendants moved to allow evidence regarding Plaintiff's out-of-court statements made to CVS employees that "she was dancing in the aisle, that she reached up for a pool toy, and that she came down wrong on her foot, lost her balance and fell." See ECF No. 34 at 2. Defendants argue that the statement is not hearsay because (1) it is a declarant-witness's prior statement that

1

is inconsistent with the witness's prior testimony, see Fed. R. Evid. 801(d)(1)(A); and (2) it is an opposing party's statement made by the party in an individual or representative capacity, see Fed. R. Evid. 801(d)(2). Plaintiff did not oppose the motion. The Court agrees with Defendants that the statement is nonhearsay under Rule 801 and will permit introduction of the statement at trial.

## II. Defendants' Motion To Preclude Testimony Of Nicole Ruggieri

Defendants moved to preclude witness Nicole Ruggieri[1] from testifying as to the presence of the pool noodle display in the aisle on the date of the accident and on the date before the accident. See ECF No. 35. Ms. Ruggieri is expected to testify that she was in the subject CVS on the day before the incident and on the day of the incident, and that on both dates, she observed a pallet protruding from underneath a pool noodle box in the middle of an aisle. See id. at 2; ECF No. 38 at 2. Defendants argue that Ms. Ruggieri's testimony regarding the location, size and condition of the pool noodle display on the day before the incident is not relevant and would confuse and/or mislead the jury, and that her testimony regarding the condition of the display on the date of the incident would be cumulative of Plaintiff's testimony. See id. at 3-5. Plaintiff opposed the motion, arguing that the "presence, size, shape, positioning and condition" of the display, both before the incident and at the time of the incident, is relevant to the issue of Defendants' notice of a dangerous condition. See ECF No. 38 at 3. The proposed testimony is relevant to the cause of Plaintiff's injury and is not likely to confuse or mislead the jury. The arguments raised by Defendants against the testimony are better directed to the weight that the evidence should be given, if any. The Court will not preclude the anticipated testimony at this time. Defendants' motion is denied.

---

[1] Defendants and Plaintiff spell the witness's last name "Ruggieri" and "Ruggiero," respectively.

### III. Conclusion

For the foregoing reasons, Defendants' first motion in limine is granted and their second denied.

Dated: Brooklyn, New York
April 3, 2023

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge